# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TRAVIS DEWAYNE GRIGGS,** | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00613-KD-B |
| | * |
| **DEWAYNE ESTES**, | * |
| | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Petitioner Travis Dewayne Griggs, an Alabama inmate proceeding *pro se*, filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2254, along with motions to proceed without prepayment of fees. (Docs. 1, 2). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.

In an Order dated October 15, 2019, the Court denied Griggs' motion to proceed without prepayment of fees because it was on an outdated form.[1] (Doc. 3). The Court provided Griggs the correct form and directed him to refile his motion by November 15, 2019, or, in lieu thereof, to pay the $5.00 statutory filing fee by that

---

[1] Griggs also failed to include with his motion the requisite financial statement on his prisoner account. (Doc. 2 at 4).

date. (Id.). Griggs was cautioned that his failure to comply with the Order within the prescribed time would result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's Order. (Id.).

On October 28, 2019, Griggs filed a change of address, notifying the Court that he had been moved to Holman Correctional Facility. (Doc. 4). The following day, October 29, 2019, the Court mailed Griggs a second copy of the October 15, 2019, order and another copy of the Court's current form for motions for leave to proceed without prepayment of fees. On October 30, 2019, the Court received a letter from Griggs dated October 27, 2019, and addressed from Holman, in which Griggs stated that he was enclosing the $5.00 filing fee "as directed by the Court's October 15, 2019 order." (Doc. 5). However, the filing fee was not enclosed with the letter. (Id.). Therefore, on November 21, 2019, the Court issued a show cause order to Griggs, informing him that the $5.00 filing fee was not included in his letter and directing him to show cause by December 20, 2019, why this action should not be dismissed for failure to pay the statutory filing fee, failure to comply with the Court's orders, and failure to prosecute. (Doc. 6). To date, Griggs has not responded to the show cause order; he has not refiled his motion for leave to proceed without prepayment of fees on the form provided to him; he has not paid the filing

fee; and he has not sought an extension of time within which to do so.

Notably, the Court's orders, which were mailed to Griggs at his current address at Holman Correctional Facility, have not been returned by the postal service marked "undeliverable," nor has there been any other indication that Griggs has not received the Court's orders in this action. To the contrary, Griggs clearly received the Court's October 15th order, as he referenced the order in his letter dated October 27, 2019, in which he indicated that he was enclosing the $5.00 statutory filing fee "as directed by the Court's October 15, 2019, order." (Doc. 5). As discussed, notwithstanding Griggs' assertion, he did not tender the $5.00 payment on that date or at any other time. Simply put, Griggs has failed to comply with the Court's orders directing him to refile his motion for leave to proceed without prepayment of fees on the Court's current form or, in lieu thereof, to pay the $5.00 statutory filing fee, and he has offered no explanation for his noncompliance, despite being ordered to show cause by December 20, 2019.

An action may be dismissed if the plaintiff fails to prosecute it, or if he fails to comply with any court order. See Dickinson v. Granade, 2016 U.S. Dist. LEXIS 85448, *26, 2016 WL 3647181, *8 (S.D. Ala. June 1, 2016), *report and recommendation adopted*, 2016

3

WL 3637093 (S.D. Ala. June 30, 2016) (citing Fed.R.Civ.P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 630-631 (1962) (district courts have the power to dismiss, *sua sponte,* a cause of action for failure to prosecute); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995)("'A district court has authority under Federal Rule[ ] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

While pleadings filed by *pro se* litigants are given a more liberal construction, "we nevertheless have required them to conform to procedural rules." Moree v. Wells Fargo Bank, N.A., 2017 U.S. Dist. LEXIS 33112, *2, 2017 WL 1319840, *2 n.1 (S.D. Ala. Mar. 6, 2017), *report and recommendation adopted,* 2017 WL 1294003 (S.D. Ala. Apr. 4, 2017)(quoting Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011)); see also Dickinson, 2016 U.S. Dist. LEXIS 85448, 2016 WL 3647181 at *9 ("a *pro se* litigant is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure.")(quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(internal quotation marks omitted)).

Because Griggs has failed to comply with two Court orders, one directing him to refile his motion for leave to proceed without prepayment of fees or to pay the $5.00 statutory filing fee, and one directing him to show cause for his failure to do so, the

4

undersigned **RECOMMENDS** that the Court dismiss his action without prejudice for failure to obey the Court's orders and to prosecute this action.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

5

Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **31st** day of **January, 2020.**

                                                            **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**